69 F.3d 534
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John C. TERWILINGER, Defendant-Appellant.
 No. 95-5319.
 United States Court of Appeals, Fourth Circuit.
 Oct. 27, 1995.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Susan M. Arnold, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before WILLIAMS and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 John Terwilinger appeals his sentence of twenty-seven months incarceration following his conviction for violating 18 U.S.C. Secs. 922(g)(1), 924(a)(2) (1988), knowingly and unlawfully possessing a firearm while being a convicted felon. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that Terwilinger's guilty plea was not knowing and voluntary. Terwilinger filed a supplemental brief contending that his conduct subsequent to his arrest entitled him to a lower sentence. Terwilinger stated, however, that he did not want to withdraw his guilty plea. Finding no reversible error after a review of the entire record, we affirm.
 
 
 2
 The district court conducted a standard Fed. R. Crim P. 11 colloquy to ensure Terwilinger was competent to enter a guilty plea and that he understood the nature and consequences of his plea. Specifically, the court inquired into Terwilinger's mental competence and the facts supporting the charges. Terwilinger acknowledged that he had signed the plea agreement, understood his rights, consulted with counsel, understood the consequences of the plea, and was freely and voluntarily pleading guilty. Any minor variances from the required Rule 11 procedure did not affect Terwilinger's substantial rights and were, at most, harmless errors.[1] Because Terwilinger does not wish to withdraw his plea, any omission in questioning during the Rule 11 hearing by the district court did not affect Terwilinger's substantial rights. Further, Terwilinger made an intelligent and informed decision when he voluntarily pled guilty. Therefore, we find that Terwilinger's guilty plea is valid.[2]
 
 
 3
 This court is without jurisdiction to review Terwilinger's claim that his post-offense conducted entitled him to a lower sentence. The district court sentenced Terwilinger to twenty-seven months incarceration and two years supervised release, a sentence at the low end of the applicable guidelines range. The district court may fix a sentence at any point it deems appropriate within the guidelines range.[3] Moreover, the district court's refusal to depart downward is not reviewable on appeal.[4]
 
 
 4
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from further representation. Counsel's motion must state that a copy was served on the client.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Fed. Rule Crim. P. 11(c); United States v. Good, 25 F.3d 218, 220 (4th Cir.1994); United States v. DeFusco, 949 F.2d 114, 117 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992)
 
 
 [2]
 North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969)
 
 
 [3]
 United States v. Jones, 18 F.3d 1145 (4th Cir.1994)
 
 
 [4]
 United States v. Bayerle, 898 F.2d 28 (4th Cir), cert. denied, 498 U.S. 819 (1990)